UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD LEE HAMILTON,

        Plaintiff,

  v.

COLLEEN SHOOPMAN; et al.,

        Defendants.
                                    /

No. C 10-3682 SI (pr)

**ORDER**

    Bernard Lee Hamilton, an inmate on death row at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court issued an order to show cause re. contemplated dismissal under the frequent filer statute, 28 U.S.C. § 1915(g). Hamilton then paid the full filing fee. The court then did an initial screening of Hamilton's complaint, found that it stated cognizable claims against several defendants, and ordered Hamilton to effectuate service. The Order Screening Complaint And For Plaintiff To Serve Process ("Order Screening Complaint") crossed in the mail with plaintiff's amended complaint. Pursuant to 28 U.S.C. § 1915A, the court now screens the amended complaint. The court also addresses several miscellaneous matters.

A.    *Screening Of Amended Complaint*

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Order Screening Complaint described at length the alleged course of events concerning Hamilton's medical care, disciplinary write-ups and administrative appeals that give rise to his legal claims. The court need not describe those facts again because the amended complaint pleads largely the same facts as those pled in the original complaint. Likewise, the court need not engage in a lengthy legal analysis because the legal claims in the amended complaint are largely the same as those in the original complaint, and were discussed at length in the Order Screening Complaint. Giving the *pro se* amended complaint the liberal construction to which it is entitled, the court concludes that Hamilton has stated several claims for relief against the defendants in his amended complaint:

Claims 1-5 state § 1983 claims against defendant Shoopman for deliberate indifference to medical needs and for retaliation. Claim 5 mentions defendant Pinkston but does not state a claim upon which relief may be granted as to Pinkston.

Claim 6 states a § 1983 claim against defendants Shoopman and Pinkston for deliberate indifference to Hamilton's medical needs and for retaliation. Claim 6 does not state a claim upon which relief may be granted for conspiracy because the allegations of a conspiracy are conclusory. *See Woodrum v. Woodword County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Claim 7 does not state a claim for an ADA violation because the individuals named in this claim (i.e., a sergeant and a nurse) do not have liability in their individual capacity. *See* Order Screening Complaint, p. 6; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Claim 8 states a § 1983 claim against defendant C. A. Harless for retaliation.

Claim 9 states a § 1983 claim against J. Van Blarcom for retaliation. Claim 9 does not state a claim against Van Blarcom for deliberate indifference to medical needs. It also does not

2

state a claim against Van Blarcom for an ADA violation because he does not have liability in his individual capacity.

Claim 10 does not state a § 1983 claim. The alleged mishandling of an inmate appeal does not amount to deliberate indifference to serious medical needs. The claim also fails to allege any facts that show retaliation. The alleged mishandling of the inmate appeal does not state a claim for a due process violation for the reasons explained at pages 6-7 of the Order Screening Complaint. Finally, the individual defendant does not have liability in his individual capacity for an ADA violation.

Claim 11 states a § 1983 claim against Coleman for retaliation and for a violation of Hamilton's right to due process based on Coleman's alleged refusal to allow Hamilton to present a defense and call a witness at a disciplinary hearing. The facts alleged do not state a claim for deliberate indifference to serious medical needs.

Claims 12-14 do not state a § 1983 claim for the reasons stated at pages 6-7 of the Order Screening Complaint. Plaintiff's conclusory allegations that defendants acted as they did on his inmate appeals for retaliatory reasons does not state a claim upon which relief may be granted because he has not alleged any chilling effect or that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

To summarize, the amended complaint states claims against defendants Shoopman, Pinkston, Harless, Van Blarcom, and Coleman for the claims identified above. All other defendants and claims are DISMISSED.

In the Order Screening Complaint, the court explained that, because Hamilton paid the filing fee and is not proceeding as a pauper, he is responsible for serving the summons and complaint and a copy of this order on defendants. The court will not serve process for him, nor will it order the U.S. Marshal to do it. That obligation for Hamilton remains in place as to the amended complaint. At the end of this order, the court will set the new schedule for service of process.

Plaintiff's request for an order reinstating all defendants is DENIED. (Docket # 9.) The

rulings in the Order Screening Complaint were not erroneous. The court has also considered plaintiff's arguments in connection with its review of his amended complaint and finds them unpersuasive.

B. *Miscellaneous Requests*

Plaintiff filed a "request for (1) order of service by the clerk or Marshal, (2) leave to proceed *in forma pauperis*, (3) appointment of counsel, and ([4]) order for clerk to provide plaintiff with copy of complaint." The request is DENIED. (Docket # 10.) Plaintiff has paid the filing fee and is not proceeding as a pauper. (Plaintiff paid the filing fee rather than respond to the order to show cause why pauper status should not be denied for him under the frequent filer statute, 28 U.S.C. § 1915(g).) Having chosen to pay the filing fee rather than to show cause why § 1915(g) does not apply to him, plaintiff cannot now obtain pauper status. The court will not order the clerk or Marshal to serve the summons and amended complaint on defendants. Plaintiff must make arrangements for someone – such as the person outside prison who paid the filing fee for him – to serve process on the defendants. The clerk will send to plaintiff a copy of the complaint and the amended complaint, although plaintiff is cautioned that he must pay for all future copies of documents requested from the court.

Plaintiff's request that counsel be appointed to assist him in this action is DENIED. (Docket # 10.) A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident.

Plaintiff's request for extension of time to serve the defendants and to screen amended complaint is GRANTED. (Docket # 12.) This order does the requested screening of the

4

amended complaint. The deadline for service of process is being extended to the date set in the next section.

C.     *Scheduling Matters*

The court now sets the following schedule to get service of process accomplished and to move this case toward resolution:

1.     The clerk will mail to plaintiff a copy of the original complaint (docket # 1) and the amended complaint (docket # 8).

2.     The clerk will issue a summons for each of the following five defendants who apparently work at San Quentin State Prison:

- Colleen Shoopman (licensed vocational nurse)
- T. Pinkston (correctional officer)
- J. Van Blarcom (correctional sergeant)
- C. A. Harless
- D. Coleman

The clerk then will send the summons to plaintiff for his use in service of process.

3.     No later than **October 15, 2011**, Hamilton must (a) file a proof of service showing that he has caused the summons and amended complaint to be served on each defendant or (b) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(l)-(m). If he does neither, the action will be dismissed. Once Hamilton tends to serving process on the defendants, the court will set a scheduling order to move this case toward resolution.

4.     When Hamilton causes the summons and amended complaint to be served on each defendant, he must also cause a copy of this order and the Order Screening Complaint to be served on each defendant.

IT IS SO ORDERED.

Dated: July 8, 2011

_____
SUSAN ILLSTON
United States District Judge

5