1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD LEE HAMILTON,                                    No. C 10-3682 SI (pr)

        Plaintiff,                                    **ORDER**

       v.

COLLEEN SHOOPMAN; et al.,

        Defendants.

                                  /

    The court ordered plaintiff, who is not proceeding as a pauper, to serve process on five defendants by October 14, 2011.  As of today, no defendant has appeared in this action.

    Plaintiff's motion to dismiss defendants Pinkston and Coleman is GRANTED.  (Docket # 19.)  Defendants Pinkston and Coleman are dismissed from this action.

    Plaintiff's request for entry of default and for entry of default judgment against the remaining three defendants is DENIED.  (Docket # 22.)  Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought *after* default has been entered against a defendant.  *See also New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); *Lee v. Brotherhood of Maintenance of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991).  Insofar as plaintiff sought default judgment, his motion was premature because default had not been entered against any defendant.  Plaintiff's request for entry of default will be denied because plaintiff failed to demonstrate to the satisfaction of the court that defendants Shoopman, Van Blarcom and Harless properly had been served with process in this action.  Plaintiff submitted proofs of service in which a Richard Phillips stated that he had "served summons on Tim Rossetti, Litigation coordinator, who is authorized to

**United States District Court**
For the Northern District of California

accept summons on behalf of San Quentin prison staff." Docket # 20. Phillips did not identify the date on which the service was made, did not identify the method by which he had served the summons, and did not state whether he had served the amended complaint with the summons for each of the three defendants. Without sufficient information that defendants properly were served with process, default is not proper. The motion for entry of default and default judgment is DENIED.

No later than **August 10, 2012**, plaintiff must (a) file a proof of service showing that he has caused the summons and amended complaint to be served on each defendant or (b) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(l)-(m). If he does neither, the action will be dismissed. If plaintiff files a proof of service showing that the remaining defendants have been served, he also may file a new request for entry of default.

IT IS SO ORDERED.

Dated: June 28, 2012

_____
SUSAN ILLSTON
United States District Judge