UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD LEE HAMILTON, | No. C 10-3682 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| COLLEEN SHOOPMAN; et al., | |
| Defendants. | |

Bernard Lee Hamilton, an inmate on death row at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The matter is now before the court to tend to service of process problems.

When the action was first filed, the court issued an order to show cause re. contemplated dismissal under the frequent filer statute, 28 U.S.C. § 1915(g), due to plaintiff's litigation history. Docket # 4. In response, plaintiff paid the full filing fee. The court then did an initial screening of plaintiff's complaint, found that it stated cognizable claims against several defendants, and ordered plaintiff to effectuate service of process. Docket # 6. Plaintiff thus has known since that April 18, 2011 order that he was responsible for service of process on defendants, that the court would not cause service of process to be accomplished, and that the court would not order the U.S. Marshal to do it. *See id.* at 7-8. That order stated: "No later than July 15, 2011, Hamilton must (1) file a proof of service showing that he has caused the summons and complaint to be served on each defendant or (2) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(l)-(m). If he does neither, the action will be dismissed." Docket # 6, p. 8.

1    In an order filed July 8, 2011, the court rejected plaintiff's new request for the court to
2 order the clerk or Marshal to serve process. Docket # 15. That order extended to October 15,
3 2011 the deadline for plaintiff to file a proof of service or to show cause why the action shouldn't
4 be dismissed for failure to serve process. *See id.* at 3-5.

5    On December 27, 2011, plaintiff requested entry of default for the three remaining
6 defendants. The court denied the request because plaintiff failed to demonstrate that the
7 defendants had been properly served with process. Docket # 23. In that order, the court extended
8 the deadline to accomplish service of process or show cause for the failure to do so to August
9 10, 2012. The court later extended that deadline to August 31, 2012. Docket # 25.

10    Plaintiff then filed a renewed request for entry of default in which he stated that service
11 of process had been accomplished because his process server (who was another inmate) had
12 mailed the summons, complaint, and screening order to the litigation coordinator at the prison.
13 Docket # 26. He also attached a prison form on which the litigation coordinator wrote that he
14 was the only person authorized to accept court summonses for the San Quentin staff. Docket
15 # 26-2, p. 3. A month later, plaintiff withdrew his request for entry of default and requested
16 service of process by the Marshal's office. Docket # 27. In that filing, plaintiff explained that
17 he had learned that the litigation coordinator would not accept court documents from inmates
18 for service on staff. *See* Docket # 27, p. 5 ("I do not accept court doc's from I/Ms for service to
19 staff. You must have them served via the S.O./U.S. Marshal of (sic) or (sic) means" (possibly
20 meaning the Sheriff's office, the U.S. Marshal or other means)).

21    Plaintiff's request for the court to order the Marshal to serve process for him is DENIED.
22 Docket # 27. The expenditure of public funds on behalf of an indigent litigant is proper only
23 when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976);
24 *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The expenditure of public funds for the
25 Marshal to serve process is authorized when a plaintiff is proceeding as a pauper, *see* 28 U.S.C.
26 § 1915(d), but the plaintiff in this case is not proceeding as a pauper. *See MacCollom*, 426 U.S.
27 at 321 ("Where Congress has addressed the subject as it has here, and authorized expenditures
28 where a condition is met, the clear implication is that where the condition is not met, the

2

expenditure is not authorized.")  Further, plaintiff has some limited income, but has chosen to spend it on things other than hiring a skilled process server.  *See* Docket # 2, p. 10 in *Hamilton v U.S. Dist. Ct.*, 9th Cir. Case No. 11-72230 (showing $200+ in deductions from plaintiff's inmate account for group transfers to several different entities during February - July 2011).  The court also notes that plaintiff's litigation history shows him to lose interest once the burden is put on him to do something to prosecute his case, rather than requiring the court or opponents to act. *See* Docket # 1, p. 2 fn. 1.  Thus, even if the expenditure of public funds were permissible for the non-pauper litigant, the interests of justice do not support such expenditure here.  The court will not order the Marshal to serve process on defendants.

Plaintiff has not accomplished service of process on any of the remaining defendants, nor has he shown good cause for his failure to do so.  Even assuming arguendo that the litigation coordinator is authorized to accept service of process for defendants who are on the staff at San Quentin, there is no evidence that the litigation coordinator or the defendants consented to service by mail.  Federal Rule of Civil Procedure 4 allows service of process by several specific methods as well as by "following state law for serving a summons."  *See* Fed. R. Civ. P. 4(e). Simply mailing the summons and complaint to an agent does not accomplish service under Rule 4, or under California state law.  *See, e.g.,* Cal. Code Civ. Proc. § 415.10 (personal service); §415.20 (substitute service coupled with mailing, § 415.30 (service by mail with acknowledgment of receipt), § 415.50 (service by publication).   Plaintiff also has not shown good cause for his failure to serve process on the defendants.  Since April 18, 2011, he has known of his obligation to cause service of process to occur, that the court would not do it for him, and that the court would not order the U.S. Marshal to do it for him.  He provided no evidence that he made any attempt to hire a skilled process server.  He also provided no evidence that he made any attempt to research permissible methods of service of process and the record suggests he merely guessed that having someone mail documents would be sufficient.

Accordingly, this action is dismissed without prejudice because plaintiff failed to accomplish service of process within the time allowed by the court and failed to show good cause for his failure to do so. *See* Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated: January 9, 2013

_____
SUSAN ILLSTON
United States District Judge